Shientag, J.
We believe that the order of the Court of Special Sessions dismissing the complaint is against the weight of the credible evidence and that, in the interests of justice, a new trial should be ordered. Certain significant facts are not in dispute. The complainant was in the employ of the defendant, a physician, doing part-time evening work for him. That employment commenced in April, 1947, and continued until August, 1947. In June, 1947, complainant and defendant became engaged. On June 23, 1947, defendant wrote to complainant’s .mother, making a formal request for her daughter’s hand in marriage. In that letter, he said, in part: “ For the past months your charming daughter, Miss Sybil Louise * * *, has increasingly been engaging my attention in amorous directions. I have grown implicitly fond of her and now I have almost come to the conclusion that it is impossible for me to go on living and perform my duties without her moral support and cooperation as my wife. Thus I am asking you to accord me the privilege to ask her hand in marriage.”
Upon receiving a favorable response, defendant gave complainant an engagement ring. And now we come to the controverted issue. Complainant says that two weeks after she started work for the defendant she began to have sexual relations with him, which continued at intervals until sometime in May, 1947; that she told the defendant in May that she was pregnant and that he said they would get married very soon. The defendant denies having any such intercourse, and denies that he was told anything about a pregnancy until sometime in the latter part of August, at which time he indignantly disavowed responsibility. The complainant’s mother, on the other hand, says that in July he asked for a dowry of $5,000, which the mother refused. There is no evidence of any substance in the record to indicate that the complainant was keeping company with any other man during the period in question. The child was born on January 29, 1948.
Apart from his denials of sex relations, the defendant’s defense consisted of the testimony of two physicians to show *78 that he was sterile at the time the alleged intercourse took place. The testimony of one physician clearly was insufficient to establish any such condition. The testimony of the other physician, while indicating the probability of sterility, was in part based on certain assumptions which were debatable on the basis of the record before us. Be that as it may, accepting the testimony of that second physician, it did not, in our opinion, suffice to outweigh all of the undisputed facts in connection with the relationship of the parties to which reference has heretofore been made. One matter remains to be considered which may have an important, if not decisive, bearing on the new trial. That relates to Exhibit 3, which is a picture of a mother holding a baby in her arms, taken from a book called “ Mother’s Ideals ”. This has written upon it the words, “To & For Sybil [the complainant] & Her Mother.” There is also an arrow pointing toward the baby with the words “ Gerard Jr.” [the Christian name of the defendant]. The mother of the complainant testified that this picture was given to her by the defendant. He denies this and says that the language above quoted is not in his handwriting. The court below took samples of the handwritings of the parties; no handwriting expert was called and we do not know what conclusion, if any, the court reached with respect to this issue.
The question of who wrote those words not alone is important with respect to credibility, but it may also have a significant bearing on the main issue in the case. We are of the opinion that in the interests of justice on the retrial, if the complainant is without funds, the corporation counsel should take the necessary steps to have this controversy concerning handwriting more adequately presented to the trial court. Order is reversed and a new trial ordered, with costs to the appellant to abide the event.
Peck, P. J., Glennon, Cohn and Callahan, JJ., concur.
Order unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.